UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL LAU,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>Defendants. | No. 2:24-cv-01202-DAD-AC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT, AND REMANDING THIS ACTION TO THE BUTTE COUNTY SUPERIOR COURT<br><br>(Doc. Nos. 29, 30) |

This matter is before the court on plaintiff's motion to remand filed on October 15, 2024 and defendants' motion to dismiss plaintiff's first amended complaint filed on October 16, 2024. (Doc. Nos. 29, 30.) On October 23, 2024, the motions were taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 31.) For the reasons explained below, the court will grant plaintiff's motion to remand and deny defendants' motion to dismiss as moot.

**BACKGROUND**

On February 2, 2024, plaintiff Crystal Lau filed this discrimination action against her employer, defendant Wal-Mart Associates, Inc. ("Wal-Mart"), managers Robin Feathers and Ibrahim Khalaf (the "Individual Defendants"), and unnamed Doe defendants 1–50 in the Butte County Superior Court. (Doc. No. 1-1 at ¶¶ 2–7.) On April 25, 2024, defendants removed the

action to this federal court pursuant to 23 U.S.C. §§ 1332, 1441(b), and 1446, on the grounds that diversity jurisdiction exists because the amount in controversy is at least $75,000, plaintiff and defendant Wal-Mart are citizens of different states, and the citizenship of the Individual Defendants should be disregarded for purposes of diversity because they "are 'sham defendants[.]'" (Doc. No. 1 at 5.)  In their notice of removal, defendants argue that plaintiff's complaint fails to allege facts sufficient to support claims against the Individual Defendants brought pursuant to the California Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12900, *et seq.*[1] (*Id.* at 7.)   Plaintiff filed a first amended complaint ("FAC") in this action on September 16, 2024.  (Doc. No. 25.)

In her FAC, plaintiff asserts the following eight causes of action:  (1) discrimination based on disability in violation of FEHA against defendant Wal-Mart; (2) hostile work environment through harassment based on disability in violation of FEHA against all defendants; (3) retaliation in violation of FEHA against defendant Wal-Mart; (4) failure to provide reasonable accommodation in violation of FEHA against defendant Wal-Mart; (5) failure to engage in the interactive process in violation of FEHA against defendant Wal-Mart; (6) failure to prevent discrimination, harassment, and retaliation in violation of FEHA against defendant Wal-Mart; (7) retaliation in violation of California Labor Code § 1102.5 against defendant Wal-Mart; and (8) wrongful termination in violation of public policy against defendant Wal-Mart. (*Id.* at ¶¶ 39–105.)

On October 15, 2024, plaintiff filed the pending motion to remand this action to the Butte County Superior Court.  (Doc. No. 29.)  Defendants filed their opposition on October 29, 2024, and plaintiff filed her reply thereto on November 8, 2024.  (Doc. Nos. 32, 36.)

/////

/////

---

[1] Defendants also claim that plaintiff's complaint fails to state a cognizable claim with respect to several causes of action brought against the Individual Defendants because those causes of action do not create personal liability for individual employees. (Doc. No. 1 at 6.)  Upon the filing of her first amended complaint, plaintiff no longer asserts those claims against the Individual Defendants. (Doc. No. 25 at 9–18.)

2

**LEGAL STANDARD**

**A.     Removal Jurisdiction**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**B.     Fraudulent Joinder**

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity. *Id*.

When a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). However,

"if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046); *see also Avellanet v. FCA US LLC*, No. 19-cv-07621-JFW-KS, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("A claim of fraudulent joinder should be denied if there is *any* possibility that a plaintiff may prevail on the cause of action against an in-state defendant."). The Ninth Circuit has acknowledged that the analysis under Federal Rule of Civil Procedure 12(b)(6) shares some similarities with the fraudulent joinder standard, and that "the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549. The two tests should not, however, be conflated. *Id.*

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

*Id.* at 550. Thus, remand must be granted unless the defendant establishes that plaintiff could not amend her pleadings so as to cure the purported deficiency. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Where "arguments go to the sufficiency of the complaint, rather than to the possible viability of [plaintiff's] claims . . . , they do not establish fraudulent joinder." *Grancare, LLC*, 889 F.3d at 552.

## DISCUSSION

In their notice of removal, defendants assert that this court has diversity jurisdiction over this action because the amount in controversy of this action exceeds $75,000, plaintiff and defendant Wal-Mart are citizens of different states, and the Individual Defendants are fraudulently joined defendants whose citizenship should not be considered. (Doc. No. 1 at ¶¶ 8–10, 13.) In her motion for remand, plaintiff does not dispute that the amount in controversy of this action exceeds $75,000 and also does not dispute the citizenship of any defendants. (Doc.

/////

4

1  No. 29.)  The court therefore only considers whether the Individual Defendants were fraudulently
2  joined in this action.

3  In their opposition, defendants argue that plaintiff's claim against the Individual
4  Defendants for hostile work environment in violation of FEHA does not, and cannot upon
5  amendment, establish a plausible claim for relief.  (Doc. No. 32 at 9.)  Specifically, defendants
6  argue that:  (1) plaintiff's allegations do not establish that the Individual Defendants' conduct was
7  motivated by plaintiff's disability, and (2) plaintiff's allegations cannot give rise to an inference
8  that the Individual Defendants' actions were severe or pervasive enough to create a hostile work
9  environment.  (Doc. No. 32 at 11–15.)

10  "To state a claim for hostile work environment in violation of FEHA, a plaintiff must
11  [allege and] demonstrate:  (1) membership in a protected group; (2) harassment because plaintiff
12  belonged to this group; and (3) harassment so severe that it created a hostile work environment."
13  *Huezo v. Quantic Ohmega Ticer*, No. 2:25-cv-00142-AJR, 2025 WL 723024, at *3 (C.D. Cal.
14  Mar. 5, 2025) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013)).
15  Defendants do not contest that plaintiff has alleged that she is affected by Attention Deficit
16  Hyperactivity Disorder ("ADHD") nor that this satisfies the first element of a FEHA claim that
17  she is a member of a protected group.  (Doc. Nos. 25 at ¶ 16; 32 at 10–12.)  Accordingly, the
18  court will consider defendant's arguments as to the latter two elements of a FEHA cause of action
19  to determine whether plaintiff's claim is "wholly insubstantial and frivolous."  *Anderson v. Sam's*
20  *Club*, No. 24-cv-02086-RSH-ASG, 2025 WL 846584, at *5 (S.D. Cal. Mar. 18, 2025) (finding
21  that the defendants who asserted fraudulent joinder bore the burden to show that plaintiff had no
22  possible viable claim).

23      1.    <u>Discriminatory Intent</u>

24  Defendants argue that, although plaintiff has alleged multiple instances of harassing
25  comments or conduct by the Individual Defendants, she has not alleged facts that would give rise
26  to an inference that this conduct was because of her disability.  (Doc. No. 32 at 11–12.)  Plaintiff
27  responds that she need only allege that the harassment was "because of" or "based on" her
28  /////

5

disability, and that here the harassing conduct was based on the symptoms of her disability. (Doc. No. 36 at 6–7.)

Plaintiff alleges, in relevant part, as follows. The Individual Defendants increased "[t]he frequency and severity" of their improper conduct after plaintiff informed defendant Khalaf that she suffered from a disability. (Doc. No. 25 at ¶¶ 25, 27.) After informing defendant Khalaf of her disability, the Individual Defendants called her names, yelled at her, and intentionally damaged merchandise while yelling at her. (*Id.*) The Individual Defendants "singled Plaintiff out and treated her worse than other employees who were not disabled because of her disability[.]" (Doc. No. 25 at ¶ 28.) Although she does not provide a specific instance, plaintiff asserts the Individual Defendants made "negative comments about her disabilities." (*Id.* at ¶ 55.) Plaintiff also alleges that the Individual Defendants were aware of her diagnosis and nonetheless escalated their hostile treatment of her by referring to her using charged and derogatory language. These allegations, she contends, are sufficient to show that it is possible for her to allege discriminatory intent on the part of the Individual Defendants. *See Brown v. Beazley USA Servs., Inc.*, No. 24-cv-09035-SI, 2025 WL 436716, at *4 (N.D. Cal. Feb. 7, 2025) (finding that the plaintiff could "possibly" state a FEHA harassment claim based on allegations that the defendant criticized and disparaged the plaintiff after learning of her pregnancy). Moreover, the court notes that this possibility is strengthened by the relaxed pleading standards applied by California courts to allegations of discriminatory intent. *See Thomas v. Regents of Univ. of Cal.*, 97 Cal. App. 5th 587, 613–14 (2023) (discussing in the sexual harassment and FEHA harassment contexts how allegations of discriminatory intent often depend on inferences and therefore need not be alleged with particularity); *see also Wong v. Michaels Stores, Inc.*, No. 1:11-cv-00162-AWI-JLT, 2012 WL 718646, at *5 (E.D. Cal. Mar. 5, 2012) (applying state court pleading standards in conducting

/////
/////
/////
/////
/////

6

1   the fraudulent joinder analysis rather than the plausibility pleading standard applicable to motions
2   to dismiss).[2]

3   Even if these allegations were found to be insufficient to state a claim in state court under
4   FEHA, defendants have made no argument that these allegations could not possibly be amended
5   to state a cognizable FEHA claim against the Individual Defendants. *See Shaw v. Am. Airlines,*
6   *Inc.*, No. 2:22-cv-08137-JLS-PLA, 2023 WL 1815870, at *3–4 (C.D. Cal. Feb. 7, 2023)
7   (concluding that the defendants had not shown fraudulent joinder where the defendants solely
8   argued that the plaintiff's allegations did not currently state a claim for relief) (citing *Lewis v.*
9   *Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)).

10  Defendants' contention that plaintiff's allegations are conclusory is also unavailing.
11  Although plaintiff's allegation that the Individual Defendants treated her worse "because of her
12  disability" may be somewhat conclusory, such a pleading defect would only make the FAC
13  subject to a demurrer in the state court which does not compel a finding of fraudulent joinder.
14  (Doc. No. 25 at ¶ 28); *see Hampton v. Transfield Servs. Ams.*, No. 14-cv-01251-JAK-E, 2014 WL
15  5427465, at *10 (C.D. Cal. Oct. 23, 2014) (finding that the plaintiff's conclusory allegations in
16  the complaint may be subject to demurrer but concluding that this did not support a finding of
17  fraudulent joinder) (citing Cal. Code Civ. Proc. § 430.10(e)).  Plaintiff's allegations that she
18  belongs to a protected group, that she was subjected to harassment by the Individual Defendants
19  through belittling and yelling, and that this harassment was motivated by the Individual
20  Defendants' animus towards her disability is sufficient to show that the Individual Defendants
21  could possibly be held liable under FEHA. *See Grancare, LLC*, 889 F.3d at 548 (9th Cir. 2018)
22  (finding that a defendant must establish fraudulent joinder either by showing actual fraud in the
23  pleading of jurisdictional facts or by showing that the defendant cannot be liable on any theory);
24  *Wong*, 2012 WL 718646, at *6 (concluding that, though the plaintiff only stated in conclusory

---

[2] Defendants also contend that certain allegations of plaintiff's FAC pertain to personnel management decisions, , specifically allegations regarding coaching sessions plaintiff was given, which cannot provide a basis for individual liability in connection with a FEHA hostile work environment claim.  (Doc. No. 25 at ¶¶ 29–32; 32 at 13.)  The court need not determine whether these allegations could potentially support a hostile work environment claim against the Individual Defendants because it bases its conclusion on plaintiff's other allegations.

7

fashion that the defendant's harassing actions were motivated by racial animus, the possibility that the defendant's actions were racially motivated was sufficient to reject a finding of fraudulent joinder).

Accordingly, the court concludes that defendants have not shown fraudulent joinder on the basis that plaintiff cannot adequately allege a discriminatory intent on the part of the Individual Defendants in connection with her FEHA claim.

2. Severity and Pervasiveness of Conduct

Defendants next argue that the severity of the conduct alleged by plaintiff is insufficient to state a claim of a hostile work environment pursuant to FEHA. (Doc. No. 32 at 14.) Plaintiff retorts that the issue of whether the alleged conduct is so severe or pervasive as to create a hostile work environment is ordinarily a question of fact and that she has adequately alleged some incidents of harassing conduct. (Doc. No. 36 at 10–11.)

To state a hostile work environment claim pursuant to FEHA under California law, a plaintiff must allege harassment which is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Bailey v. S.F. Dist. Attorney's Off.*, 16 Cal. 5th 611, 629 (2024) (internal quotation marks omitted) (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993)). The California Supreme Court has recognized that even isolated incidents may be severe enough to create a hostile work environment depending on the totality of the circumstances. *Id.* at 630.

Defendants rely on the California Supreme Court's decision in *Aguilar v. Avis Rent a Car System, Inc.* for the proposition that isolated acts of harassment cannot constitute actionable harassment under FEHA. (Doc. No. 32 at 14); *see Aguilar*, 21 Cal. 4th 121, 130–31 (1999) ("[H]arassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or generalized nature.") (alterations in original)). However, the California Supreme Court has subsequently disapproved of this reading of its decision in *Aguilar*. *Bailey*, 16 Cal. 5th at 631 n.6 (noting that an isolated incident of harassment may constitute a hostile work environment depending on the totality of the circumstances). As another district court has explained in considering a claim of fraudulent

8

joinder as to a FEHA claim based upon an alleged hostile workplace:

> Thus, the California Supreme Court's opinion in *Bailey* expressly disclaims the interpretation of *Aguilar* upon which Defendants rely . . . . Because an isolated incident can constitute actionable harassment under FEHA, the Court cannot say that Plaintiff's FEHA claim fails due to the absence of allegations supporting "a concerted pattern" of harassment. . . . Moreover, the California Supreme Court's opinion in *Bailey* recognizes that "[h]arassment claims are inherently fact specific" and therefore courts "need to consider the totality of the circumstances when assessing the severity of harassment." *Bailey*, 16 Cal. 5th at 632. Accordingly, the Court cannot conclude at this stage of the proceedings that Plaintiff's allegations of harassment against Defendant Yacoub are not sufficiently severe to be actionable under FEHA. *See Dunn v. Infosys Ltd.*, [No. 12-cv-03561-YGR], 2012 WL 4761901, at *4 (N.D. Cal. Oct. 5, 2012) ("Whether the conduct was severe or pervasive enough to create a hostile or abusive working environment depends on the totality of the circumstances and is ordinarily a question of fact."); *see, e.g., Felix v. California*, [No. 1:13-cv-00561-LJO-SKO], 2013 WL 3730176, at *6 n.4 (E.D. Cal. July 12, 2013) (denying in part defendants' motion to dismiss a FEHA claim due to the lack of "a complete evidentiary record" and "stress[ing] that a showing of facial plausibility at the pleading stage does not necessarily mean that Plaintiffs will ultimately prevail on summary judgment or at trial").

*Huezo*, 2025 WL 723024, at *3.

Here, as discussed above, plaintiff has alleged several instances of conduct that may have created a hostile work environment and those allegations are sufficient to show the possibility of recovering against the Individual Defendants. *See Shelton v. Wayfair LLC*, No. 2:24-cv-01541-TLN-JDP, 2025 WL 467263, at *4 (E.D. Cal. Feb. 12, 2015) (finding that the defendants had failed to establish that there was no possibility of the plaintiff showing the defendants' alleged actions created a hostile work environment where plaintiff had alleged instances of harassing conduct and because a single incident of harassing conduct is "sufficient to create a triable issue regarding the existence of a hostile work environment") (citing Cal. Gov't Code § 12923(b)). Therefore, the court concludes that defendants have not met their burden of establishing that plaintiff has no possibility of alleging sufficiently severe or pervasive conduct to state a cognizable claim pursuant to FEHA.

Because defendants have not met their burden with respect to either the discriminatory intent or the severity elements as to a claim of creating a hostile work environment in violation of FEHA, the court concludes that they have also not met their burden to show that the Individual

9

Defendants are fraudulently joined. Accordingly, plaintiff's motion to remand this action to the Butte County Superior Court will be granted.[3]

## CONCLUSION

For the reasons stated above,

1. Plaintiff's motion to remand (Doc. No. 29) is granted;
2. Defendants' motion to dismiss (Doc. No. 30) is denied as moot;
3. This action is remanded to the Butte County Superior Court, pursuant to 28 U.S.C. § 1447(c), due to this court's lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 16, 2025**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[3] Defendants' motion to dismiss plaintiff's FAC (Doc. No. 30) will therefore be denied as having been rendered moot by this order.

10